## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

CARY EVAN GIAMALVA,                 §
                                    §
          Petitioner,               §
                                    §
VS.                                 §          CIVIL ACTION NO. H-08-3112
                                    §
RICK THALER,                        §
                                    §
          Respondent.               §

### MEMORANDUM AND OPINION

The petitioner, Cary Evan Giamalva, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a state felony conviction for assault of a family member. The respondent has moved for summary judgment on the ground that the petition was filed too late. (Docket Entry No. 20). The respondent has provided the court with a copy of the state court record. Giamalva has filed an objection to the summary judgment motion, (Docket Entry No. 23), and has moved for resentencing, (Docket Entry No. 24). Based on the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion for summary judgment because Giamalva filed this petition too late for the relief he seeks. Giamalva's remaining motions are denied as moot. Final judgment is entered by separate order. The reasons for these rulings are set out below.

### I.     Background

On October 21, 2003, a jury found Giamalva guilty of the felony offense of assault of a family member. (Cause Number 939030, 179th Judicial District Court of Harris County, Texas). The indictment also alleged prior convictions for sentencing enhancement. Giamalva elected to have the court impose punishment. The court sentenced Giamalva to a twenty-year prison term. The First

Court of Appeals of Texas affirmed Giamalva's conviction on November 4, 2004. *Giamalva v. State*, No. 01-03-01135-CR, 2004 WL 2475283 (Tex. App.– Houston [lst Dist.] 2004). Giamalva did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

Giamalva filed five state applications attacking this conviction. Giamalva filed his first state application for habeas relief on October 13, 2004. The Texas Court of Criminal Appeals dismissed this application on December 1, 2004 because the direct appeal was pending. *Ex parte Giamalva*, Application No. 24,809-02 at cover. Giamalva filed a second application for state habeas corpus relief on February 18, 2005. The Texas Court of Criminal Appeals also dismissed this application on April 6, 2005 because the direct appeal was pending. *Ex parte Giamalva*, Application No. 24,809-03 at cover. Giamalva filed a third application on August 4, 2005, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on December 7, 2005. *Ex parte Giamalva*, Application No. 24,809-04 at cover. Giamalva filed a fourth application for state habeas corpus relief on September 18, 2006, and the Texas Court of Criminal Appeals dismissed it as successive on October 18, 2006. *Ex parte Giamalva*, Application No. 24,809-05 at cover. Giamalva filed a fifth application for state habeas corpus relief on November 9, 2006, and the Texas Court of Criminal Appeals dismissed it as successive on December 20, 2006. *Ex parte Giamalva*, Application No. 24,809-06 at cover.

Giamalva filed this federal petition on October 10, 2008. He alleges that the sentence he received was illegal because it exceeded the ten-year statutory maximum; the felony conviction and enhancement were improper because the prior conviction did not have an affirmative finding of family violence; and the felony assault conviction was improper because one of the prior convictions was more than ten years old.

The threshold issue is whether this federal habeas petition was filed too late.

## II.   Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.  The statute provides in part:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.*

§ 2244(d)(1)(A).  Giamalva's conviction became final when the time for filing a petition for discretionary review expired.  The First Court of Appeals affirmed Giamalva's conviction on November 4, 2004, giving him thirty days, or until December 4, 2004 to file a petition for discretionary review. TEX. R. APP. P. 68.2(a).  Giamalva did not file a petition for discretionary review.  Absent tolling, the one-year limitations period ended on December 4, 2005.  Giamalva filed this petition on October 10, 2008.

A properly filed application for state postconviction relief tolls, or extends, limitations.  28 U.S.C. § 2244(d)(2).  Giamalva's first two state habeas applications challenging the assault of a family member conviction and sentence were dismissed by the Texas Court of Criminal Appeals because his direct appeal was pending.  Under Texas law, a state habeas application may not be filed until the judgment of conviction becomes final. *See* TEX. CRIM. PROC. CODE art 11.07 § 3(a).  The Texas courts do not have "jurisdiction to consider an application for writ of habeas corpus under Art. 11.07 until the felony judgment from which relief is sought becomes final." *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 1994) (quoting *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)).  A state habeas application filed during a direct appeal is not "properly filed" under Texas law and does not delay the federal limitations period. *Larry*, 361 F.3d at 895.  Giamalva's first two state applications had no tolling effect on the federal limitations period because he filed them during his direct appeal.

Giamalva filed a third state habeas application challenging the assault of a family member conviction and sentence on August 4, 2005.  That application was denied on December 7, 2005.  The deadline for filing the federal habeas application was extended by 125 days, or until April 10, 2006.  Giamalva filed two more state habeas applications, one on September 13, 2006, and one on

November 9, 2006.  Neither one tolled the federal limitations period because both were filed after that period expired on April 10, 2006.  Giamalva waited until October 10, 2008 before filing his federal petition.

The AEDPA's one-year limitations period is subject to equitable tolling, but only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998), *cert. denied,* 526 U.S. 1074 (1999).  Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000).  The Fifth Circuit has approved of equitable tolling in very limited circumstances, "principally where the plaintiff is actively mislead by the defendant upon the cause of action or is prevented in some extraordinary way from asserting his rights." *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir.2002), *cert. denied,* 538 U.S. 947 (2003) (quoting *Coleman,* 184 F.3d at 402); *but see, Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996) (application of equitable tolling is not warranted for "garden variety claims of excusable neglect."). A petitioner bears the burden of proof and "must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002).

Giamalva does not identify any grounds for tolling the federal limitations period beyond April 10, 2006, and the record does not disclose any.  Giamalva may not rely on his status as an unskilled layperson or as an inmate to excuse the delay in filing.  Ignorance of the law and the lack of legal assistance for a prisoner generally do not excuse late filing. *United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (an inmate's *pro se* status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992) (neither a prisoner's *pro se* status nor ignorance of the law

constitutes "cause" for failing to include legal claim in prior petition); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling when the alleged impediments to filing a federal petition were removed six months before the limitations period ended), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process and lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).  Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations.  *Pro se* litigants are the rule, not the exception, in section 2254 suits.  *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993).  Giamalva's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Giamalva claims that he was prevented from seeking effective relief in state court. He argues that the State's failure to respond to his requests for transcripts of the proceedings in Cause Number 939030 prevented him from filing a meaningful state habeas application. (Docket Entry No. 23, Petitioner's Response, p. 5).  But there is no constitutional right to a transcript in a habeas proceeding.

Giamalva also asserts that the inadequate law library entitles him to equitable tolling.  In his "motion to waive copies," Giamalva argues that he filed a motion for extension of time to respond to the respondent's motion for summary judgment because of the restrictions on his access to the law library as well as the inadequacies of the library.  (Docket Entry No. 25, p. 1).  Giamalva states that

the unit he was in was placed on lockdown from July 7 to July 13, 2009 and from July 14 to 16, 2009, and that he was denied access to the law library for a total of twenty hours over a period of ten days. (*Id.*). This lack of access does not explain why he failed to file his federal petition for more than two years after the deadline. Although Giamalva makes repeated complaints that the law libraries were inadequate, he does not specify how they were inadequate. This court has reviewed Giamalva's state habeas applications and his federal court pleadings. They contain specific references to state law, state statutes, as well as federal case law. These are inconsistent with the claim of lack of access to legal materials.

Giamalva argues in his response to the respondent's motion for summary judgment that the limitations period did not begin until a later date under § 2244(d)(1)(B) because the State created an impediment to filing by not having a copy of the AEDPA available in the prison library. In *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003), the Court of Appeals for the Fifth Circuit held that such tolling may be justified if a prisoner is ignorant of the statute of limitations governing federal habeas proceedings and is unable to obtain a copy of the AEDPA from prison authorities.

Giamalva notes that he was transferred to different units for various reasons, including a bench warrant to Harris County; proceedings in family court; and back surgery. (Docket Entry No. 23, Petitioner's Response, p. 12). State court records show that when he filed his first state habeas application on October 13, 2004, Giamalva was confined at the Briscoe Unit. *Ex parte Giamalva,* Application No. 24,809-02 at 2. When he filed his second state habeas application on February 18, 2005, Giamalva was confined at the Pack I Unit. *Ex parte Giamalva,* Application No. 24,809-03 at 2. When he filed his third state habeas application on August 4, 2005, Giamalva was confined at the Pack I Unit. *Ex parte Giamalva,* Application No. 24,809-04 at cover. When he filed his fourth

state habeas application on September 18, 2006, Giamalva was confined at the Pack I Unit. *Ex parte Giamalva,* Application No. 24,809-05 at cover.  When he filed his fifth state habeas application on November 9, 2006, Giamalva was confined at the Pack I Unit. *Ex parte Giamalva,* Application No. 24,809-06 at cover.  When he filed the instant federal petition, Giamalva was confined at the Luther Unit.  Giamalva does not identify which of these units lacked a copy of the AEDPA or when. Although Giamalva cites to *Egerton*, he does not contend that he was ignorant of the statute of limitations.

Giamalva also asserts that his actual innocence precludes the dismissal of this petition. (Docket Entry No. 23, Petitioner's Response, p. 4).  A claim of actual innocence is relevant to the timeliness of a petition and may justify equitable tolling of the limitation period. *See Felder v. Johnson*, 204 F.3d at 171 (5th Cir. 2000).  But a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d at 171; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002).  An actual innocence claim carries a heavy burden.  "To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d at 221.  Giamalva's argument is based on the use of his prior convictions in securing the felony assault conviction and twenty-year sentence.  These arguments turn on the legal basis for the conviction and sentence, not on new evidence not presented at trial.  His actual innocence argument does not justify equitable tolling.

As noted, for equitable tolling to apply, Giamalva must diligently pursue § 2254 relief. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). Giamalva bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). The limitations period ended on April 10, 2006, but Giamalva did not file this petition until October 10, 2008. Giamalva did not diligently pursue § 2254 relief. Giamalva has not met his burden of establishing his entitlement to equitable tolling.

Giamalva does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented him from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Giamalva's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). The claims relate to the 2003 trial and 2004 appeal. Giamalva's own pleadings show that he knew of the factual predicate of his claims when the trial and appeal occurred. 28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Giamalva's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

### III.   Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 20), is granted. Giamalva's objection to the motion for summary judgment, for resentencing, and to waive the copy requirements, (Docket Entry Nos. 23, 24, and 25), are denied as moot. The petition for federal habeas corpus relief under § 2254 is dismissed. Any remaining pending motions are denied as moot.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c) (1)(A). To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. *United States v. Webster,* 392 F.3d 787, 791 (5th Cir. 2004); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds, a COA should not issue unless the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Giamalva has not met the requirement for issuing a COA.

SIGNED on November 10, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge